[Cite as *State v. M.G.*, 2017-Ohio-5750.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105192

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**M.G.**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-03-437810-ZA

**BEFORE:** Jones, J., S. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 6, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender

John T. Martin
Assistant County Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant M.G. appeals the trial court's denial of his application to seal his prior conviction without a hearing. The state, pursuant to Loc.App.R. 16(B), concedes the error. We reverse and remand for a hearing on M.G.'s application to seal his prior conviction.

{¶2} In 2005, M.G. pleaded guilty to receiving stolen property and forgery. He was sentenced to one year of community control sanctions. He violated his community control sanctions and was subsequently sentenced to six months in prison. In 2015, M.G. filed an application to seal his record of conviction. The state opposed the motion. The court denied the motion without a hearing.

{¶3} M.G. appealed and raises one assignment of error for our review in which he argues that the trial court erred in denying his motion to seal his record of conviction without first holding a hearing. The state filed a notice of conceded error pursuant to Loc.App.R. 16(B)[1] and an appellee brief in which the state agrees that the trial court was mandated to hold a hearing but argues that M.G. is not eligible to have his record of conviction sealed.

{¶4} Upon the filing of an application to seal a record of conviction, a trial court is required to set a hearing date and notify the prosecutor. R.C. 2953.32(B). A trial court must first hold a hearing because evidence is generally required in order to make the several determinations under R.C. 2953.32(C)(1)(a) through (e). *State v. M.L.*, 8th Dist. Cuyahoga No. 105214, 2017-Ohio-2764, ¶ 1, citing *State v. M.R.*, 8th Dist. Cuyahoga No. 104712,

---

[1]Loc.App.R. 16(B) provides:

Notice of Conceded Error. When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error either in lieu of or in addition to their responsive brief. Once all briefing is completed, the appeal will be randomly assigned to a merit panel for review. The appeal will be considered submitted on the briefs unless the assigned panel sets an oral argument date.

2017-Ohio-973, ¶ 10.

{¶5} In this case, the court summarily denied M.G.'s application without holding a hearing. Even if the state is correct that M.G.'s conviction is not eligible to be sealed because he does not qualify as an eligible offender as defined by R.C. 2953.31(A), M.G. is still entitled to a hearing.

{¶6} The sole assignment of error is sustained. We vacate the order denying M.G.'s application and remand for further proceedings consistent with R.C. 2953.32.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR